UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alfred Gant,                                                                Civil No. 16-68 (DWF/FLN)

                Petitioner,

v.                                                                                   **REPORT AND
RECOMMENDATION**

Denese Wilson, Warden,

                Respondent.

_____

Alfred Gant, *pro se*, for Petitioner.
Ana Voss, D. Gerald Wilhelm, and David Fuller,
Assistant United States Attorneys, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner Alfred Gant's petition for a Writ of Habeas Corpus (ECF No. 1). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Gant's Petition be **DENIED as moot**.

Gant is currently serving a 188-month term of imprisonment after being convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Pet. 1, ECF No. 1; Jarvis Decl. Ex. A, ECF No. 6. Gant's projected release date is May 9, 2016. Gov't Mem. in Resp. 2, ECF No. 5. On January 12, 2016, Gant filed the present petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") decision to deny him placement in a residential re-entry center ("RRC"). *See generally* ECF No. 1. Gant claims the denial violates a plethora of his constitutional rights, including due process and equal protection. *Id.* at 2.

While Gant was initially denied pre-release RRC placement, he was later approved for RRC placement on January 27, 2016 in Springfield, IL, beginning February 10, 2016. ECF No. 6 at ¶

10–11. Article III mandates that an ongoing case or controversy be present for a federal court to have subject matter jurisdiction. U.S. Const. art. III, § 2. A case or controversy becomes moot when a dispute has been resolved. *Powell v. McCormack*, 395 U.S. 486, 513 (1969) (citing *Baker v. Carr*, 369 U.S. 186, 197 (1962)).

Gant disputes his denial of RRC placement, which resolved itself when he was approved for such placement on January 27, 2016. Therefore, this Court does not have subject matter jurisdiction over Gant's petition as no case or controversy exists. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (holding that the expiration of petitioner's sentence caused his habeas petition to be moot because it no longer presents an Article III case or controversy).

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Alfred Gant's petition for a Writ of Habeas Corpus (ECF No. 1) be **DENIED as moot**.

DATED: March 25, 2016                               *s/Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement

14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.